### ESTATE OF MOSES CHINMARK.

No. 7642—April 11, 1877.

WILL.—*CANCELLATION* of a *SINGLE CLAUSE* therein by *erasure* only.  Where the purpose to so cancel is evident, it should be admitted as accomplished and the will proved without such clause.

October 2, 1877.

ATTORNEY'S SERVICES.  Where services have been rendered to persons who are executors for their individual benefit in litigating their rights as legatees, such services are not a proper charge to be allowed them in their accounts with the estate.

Construing sections, C. C., 1292; C. C. P., 1616; affirmed, Sup. Court, July 18, 1877.

*J. M. Wood,* for executors.

*M. B. Blake,* for heirs.

The will, as propounded, was executed by the deceased January 31, 1877.   The will contained the following clause:
" Second—I give and bequeath unto the executors of this my last will, to wit, unto the said Hezekiah Avery, William Bell and H. N. Bissett, of San Francisco, all the rest, residue and remainder of my estate, both real and personal, in equal proportions."

The day following, to wit, Feb. 1, 1877, the deceased, with the intent and for the purpose of cancelling the said

clause, with his own hand drew two ink lines over and upon each line of said clause, which ink lines covered each and every word in each and every line of writing in said clause; also one line in ink diagonally from the left hand upper corner to the right hand lower corner of the same clause; also three diagonal lines in ink from the upper line of the clause down to the left and to and including the last line of the clause; said cancellation still remains on the face of said instrument, but notwithstanding such cancellation the words of said clause are plainly legible.

By the COURT: From the foregoing facts the conclusion of law is that the deceased in his lifetime cancelled the said clause, and that the same is not a portion of his will; and that the instrument propounded, omitting the said cancelled clause, is the will of deceased, and that probate thereof should be granted.

### October 2, 1877.

Application of J. C. Bates, Esq., for allowance of compensation to himself as attorney for the executors on the probate of the will and on appeal from the decree of this Court. Evidence was taken in reference to three points, viz:

1. Value of services in and about probating the will, not including the contest;
2. Value of services for the contest;
3. Value of services on motion for new trial and appeal.

By the COURT: The Court finds the value of said services to be, for the first, $200; for the second, $300; and for the third, $400; that the first mentioned services were rendered in and about the duty of the executors in proposing the will for probate; that the second mentioned services were rendered in and about the duty of the executors to resist the contest, because, before the termination of such contest, the executors were not fully advised as to the facts upon which the contest was made, and the will did not show upon its face that the erasure was made by the testator. The third mentioned services were rendered in and about

an appeal, taken by the executors from the order of this Court, adjudging that the cancelled clause was no part of the will, to the Supreme Court, which appeal was taken at their own instance for their own personal interest; they were the residuary legatees and devisees in the will as first executed, were omitted by the cancellation, and were the only persons interested in taking the appeal, and the only persons to be benefited by a reversal. The appeal was not taken in and about the care of the estate, nor was it their duty as executors to take the appeal. The decree of this Court was affirmed by the Supreme Court upon the sole argument of the attorney for the appellants, the Court declining to hear arguments by the respondents.

Therefore, for the first and second mentioned services said attorney is allowed $500; and allowance for the third mentioned services is refused.